IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JERMAINE IVORY            )
                          )
    v.                    )   NO. 3:07-0833
                          )
GLENN TURNER              )

TO:  Honorable Robert L. Echols, District Judge

### REPORT AND RECOMMENDATION

By Order entered January 9, 2008 (Docket Entry No. 19), the Court referred the instant Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 to the Magistrate Judge for further proceedings under Rule 8(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 636(b)(1)(B), and Rule 7 of the Local Rules for Magistrate Judge Proceedings.

Presently pending before the Court is Respondent's Motion to Dismiss (Docket Entry No. 15), to which Petitioner has filed a response in opposition (Docket Entry No. 18). For the reasons set out below, the Court recommends that the motion to dismiss be granted and the petition be dismissed.

### I. PETITION

Petitioner is currently an inmate of the Tennessee Department of Correction ("TDOC"). He is serving an effective sentence of 36 years imprisonment after a jury in Davidson County, Tennessee found him guilty on April 10, 2000, of the crimes of sale of cocaine over .5 grams, sale of cocaine over 26 grams, and conspiracy to sell over 26 grams of cocaine. Petitioner's direct appeal was denied and his convictions and sentences were affirmed by the Tennessee Court of Criminal Appeals on January 10, 2003. See Respondent's Memorandum of Law, at Exhibit A (Docket Entry

No. 16-1). It is unclear whether Petitioner sought permission to appeal this decision to the Tennessee Supreme Court.[1]

On May 30, 2003, Petitioner filed a pro se petition in the state court seeking post-conviction relief based on allegations of ineffective assistance of trial counsel.[2] After counsel was appointed and after a hearing, the petition was denied on the merits on September 24, 2003. See Appendix to Petition (Docket Entry No. 2), at 31-34. Petitioner's appeal of the decision was denied by the Tennessee Court of Criminal Appeals on December 9, 2004, and his application for permission to appeal to the Tennessee Supreme Court was denied on May 9, 2005. See Respondent's Memorandum of Law, at Exhibit B (Docket Entry No. 16-2). Petitioner thereafter moved to reopen the post-conviction petition. His motion was denied on June 7, 2005, see Appendix to Petition (Docket Entry No. 2), at 5-6, and the denial was affirmed by the Tennessee Court of Criminal Appeals on November 21, 2005. See Respondent's Memorandum of Law, at Exhibit 16-3. (Docket Entry No. 16-3).

On November 22, 2005, Petitioner filed a pro se petition for habeas corpus relief in the Criminal Court for Davidson County, Tennessee. The trial court denied the petition, and on February 26, 2007, the Tennessee Court of Criminal Appeals affirmed the decision. See Respondent's Memorandum of Law, at Exhibit 16-3. (Docket Entry No. 16-4).

Petitioner thereafter filed the instant petition for federal habeas corpus relief under 28 U.S.C. § 2254 raising three grounds for relief: ineffective assistance of counsel; improper sentencing by the

---

[1] Petitioner states that his request for permission to appeal was denied, but he does not provide the date of such decision nor a copy of the order from the Tennessee Supreme Court denying his application for permission to appeal. See Petition, at 2.
Respondent sets out the decision of the Tennessee Court of Criminal Appeals as the final decision in Petitioner's direct appeal and states that Petitioner did not make an application for permission to appeal to the Tennessee Supreme Court. See Memorandum in Support (Docket Entry No. 16), at 3-4.

[2] Respondent asserts that the petition was filed on May 23, 2003. See Respondent's Memorandum of Law (Docket Entry No. 16), at 2. However, in the September 24, 2003, Order, the state trial court recited that the petition was filed on May 30, 2003. See Appendix to Petition (Docket Entry No. 2), at 31. Accordingly, the Court will deem May 30, 2003, to be the date of filing.

2

trial court; and double jeopardy. By Order entered August 14, 2007 (Docket Entry No. 3), Respondent was ordered to answer, plead, or otherwise respond to the petition. In lieu of an answer, Respondent has filed the pending motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

Respondent argues that the petition should be dismissed because it was not timely filed. Respondent asserts that the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) for the filing of a federal habeas corpus petition began to run on March 11, 2003, when Petitioner's criminal judgment became final upon the expiration of the time for seeking further direct review. Respondent acknowledges that Petitioner's state post-conviction relief proceeding tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2) during the time the proceeding was pending but asserts that the instant petition was not filed until June 6, 2007, well beyond the expiration of the one-year statute of limitations period.

Respondent argues that the state habeas corpus proceeding initiated by Petitioner on November 22, 2005, and finally resolved on February 26, 2007, failed to toll the running of the statute of limitations because Petitioner's application for relief was filed in the wrong court and, thus, was not "properly filed" for the purposes of Section 2244(d)(2). Respondent asserts that Tenn. Code. Ann. § 29-21-105 requires that a state habeas corpus application "be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Respondent points out that Petitioner's state habeas corpus application should have been made to the court in Hardeman County where he was incarcerated at the time but that Petitioner instead made his application in Davidson County and that this fact was noted by the Tennessee Court of Criminal Appeals as a procedural defect of the application in the decision affirming the denial of the application. See Respondent's Memorandum, at Exhibit D (Docket Entry No. 16-4).

3

Petitioner responds by arguing that Tenn. Code. Ann. § 29-21-103 authorizes "any judge of the circuit or criminal courts" to grant a habeas corpus writ and, thus, the requirement of where the application for habeas corpus relief should be filed is not an absolute requirement for the filing of the application. He contends that his application was properly filed for the purpose of tolling the running of the statute of limitations on his federal petition because the application was accepted and reviewed on the merits.

## III. LEGAL CONCLUSIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established a one year limitations period during which a state prisoner can bring a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1) provides that the one year limitations period begins to run from the latest of the following events:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Neither party argues that a subsection other than subsection (d)(1)(A) applies. Accordingly, the Court finds that the statute of limitations began to run when Petitioner's criminal judgment became final and that this occurred on March 11, 2003, when the time expired for Petitioner to seek review with the Tennessee Supreme Court. On January 10, 2003, the Tennessee Court of Criminal Appeals issued its opinion affirming Petitioner's convictions and sentence. Pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, Petitioner had sixty days within which to file an application for permission to appeal this decision to the Tennessee Supreme Court. Although

4

Petitioner states he sought permission to appeal to the Tennessee Supreme Court, he fails to provide a copy of the denial of his application for permission to appeal or state on what date his application was denied. Further, Petitioner does not address in his response Respondent's assertion that he did not seek permission to appeal to the Tennessee Supreme Court. See Respondent's Memorandum (Docket Entry No. 16), at 3-4.

28 U.S.C. § 2244(d)(2) tolls the running of the statute of limitation during the time a properly filed application for state post-conviction or other collateral review is pending. In the instant action, the statute of limitations ran for 80 days and was tolled on May 30, 2003, when Petitioner filed his petition for post-conviction relief in the state courts. The statute of limitations remained tolled while this proceeding was pending and until January 20, 2006,[3] when the sixty day time period expired for Petitioner to seek permission to appeal to the Tennessee Supreme Court from the decision rendered on November 21, 2005, by the Tennessee Court of Criminal Appeals. See Respondent's Memorandum (Docket Entry No. 16), at 4-5.

At this point, Petitioner had 285 days to file his federal habeas corpus petition. However, the instant petition was not filed until June 6, 2007,[4] well beyond the one year time period. Unless the running of the statute of limitations was tolled by Petitioner's state habeas corpus proceeding, the instant petition is subject to dismissal as untimely filed.

28 U.S.C. § 2244(d)(2) of the AEDPA provides that:

the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitations under this subsection.

---

[3] Respondent asserts that January 19, 2006, was the end of the sixty day period. However, the sixty day period ended on January 20, 2006.

[4] The petition was file-stamped on August 14, 2007. However, Petitioner signed his petition on June 6, 2007, and the envelope in which it was sent was stamped by prison officials as received on June 7, 2006. See Petitioner (Docket Entry No. 1).

The mailbox rule provides that a pro se prisoner's filings are filed at the time they are delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Scuba v. Brigano, 527 F.3d 479, 484 (6th Cir. 2007). Respondent agrees that the instant petition was filed on June 6, 2007. Accordingly, the Court deems June 6, 2007, to be the date of filing for the purposes of the statute of limitations.

5

"[A]n application is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis in original). The question of whether an application has been 'properly filed' is quite separate from the question of whether the claims contained in the application are meritorious and free of procedural bar. Id., at 9.

The key distinction developed in Artuz is between "condition[s] to filing," which go to the application for post-conviction review, and "condition[s] to obtaining relief," which go to the individual legal claims contained within the application for review. Id., at 11. Failure to satisfy the former prevents a application from being 'properly filed,' which in turn prevents tolling under Section 2244(d)(2). Failure to satisfy the latter does not prevent statutory tolling. Id., at 10.

In the instant action, Plaintiff's state application for habeas corpus relief was not properly filed because it was delivered to the wrong court under state law and, thus, does not trigger the tolling provisions of Section 2244(d)(2). See Lewis v. Norris, 454 F.3d 778, 781 (8th Cir. 2006); Sibley v. Culliver, 377 F.3d 1196, 1201 (11th Cir. 2002). The enabling statute for state habeas corpus relief specifically requires the application for a writ to be delivered "to the court or judge most convenient in point of distance to the applicant, unless sufficient reason be given in the petition for not applying to such court or judge." See Tenn. Code. Ann. § 29-21-105.

Petitioner's arguments against dismissal of his petition are unpersuasive. Petitioner first contends that Tenn. Code Ann. § 29-21-103 provides that any judge of the circuit, criminal, or chancery court, regardless of location, may grant the writ and that this provision renders his application properly filed. See Petitioner's Response (Docket Entry No. 18), at 2. However, the Tennessee Supreme Court has held that the procedural requirements for habeas corpus relief under state law are mandatory and must be scrupulously followed. See Hickman v. State, 153 S.W.3d 16, 19-20 (Tenn. 2004); Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). The grant of authority to

6

specified state court judges to issue the writ does not nullify the statutory provision regarding the proper place for filing the application. The mandatory nature of the filing location requirement set out in Tenn. Code. Ann. § 29-21-105 has been recognized for at least 40 years, see State v. Avery, 215 Tenn. 425, 387 S.W.2d 346, 347 (Tenn. 1964) (recognizing statutory predecessor to Section 29-21-105), and is regularly applied by the courts of Tennessee. See Gaston v. State, 2008 WL 2115470 (Tenn.Crim.App. May 20, 2008) (unpublished); Williams v. State, 2006 WL 3410693 (Tenn.Crim.App. Nov. 27, 2006) (unpublished); Marvin Anthony Matthews v. State, 2003 WL 23100812 (Tenn.Crim.App. Dec. 31, 2003) (unpublished); Jimmy Wayne Wilson v. State, 1999 WL 420495 (Tenn.Crim.App. June 24, 1999) (unpublished); Gouldin v. State, 1997 WL 81659 (Tenn.Crim.App. Feb. 27, 1997) (unpublished); Leonard v. Crim. Ct. of Davidson County, 804 S.W.2d 891 (Tenn.Crim.App. 1990).

Petitioner next contends that because his application for state habeas corpus relief was accepted and reviewed by the state court, it was properly filed. See Petitioner's Response, at 3-4. Petitioner relies on Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999), and Smith v. Ward, 209 F.3d 383 (5th Cir. 2000), in support of his argument that if an application for state collateral relief is accepted and provided with some level of judicial review, it should be considered to be properly filed.

The argument raised by Petitioner is foreclosed by the decisions in Artuz, supra, and Pace v. Diguglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). In Artuz, the United States Supreme Court held that there is a distinction between an application for state relief being 'filed' because it is accepted by a court officer and placed into the record and an application being 'properly filed' because it is found to be in compliance with the applicable laws and rules governing filings. Artuz, 531 U.S. at 8-9. In Pace, the Supreme Court specifically re-affirmed that the state court's determination of whether an application has been filed in compliance with the applicable laws and rules governing filings may require some level of judicial scrutiny. Pace, 544 U.S. at 414-15. Both cases clearly indicate that a state application for collateral relief can be accepted and

7

accorded judicial review by the state court yet still be deemed to have not been 'properly filed' for the purposes of tolling under Section 2244(d)(2).[5]

The fact that the state court reviewed Petitioner's application and addressed the merits of his claims before dismissing the application also does not require a finding that the application was properly filed. In its decision, the Tennessee Court of Criminal Appeals specifically found, prior to addressing the merits of Petitioner's claims, that the application suffered from two procedural problems that would have justified summary dismissal of the application.[6] See Exhibit D (Docket Entry No. 16-4) to Memorandum in Support of Motion, at 2. The state court's reliance upon separate grounds for dismissal of the application based upon the procedural shortcomings of the application constitutes an adequate and independent ground for dismissal of the application which is entitled to reliance by this Court in determining that the application was not properly filed for the purposes of tolling under Section 2244(d)(2). See Carey v. Saffold, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); Runyan v. Burt, 521 F.3d 942, 945 (8th Cir. 2008); Satterfield v. Johnson, 434 F.3d 185, 192 (3rd Cir. 2006); Coe v. Bell, 161 F.3d 320, 330 (6th Cir. 1998), cert. denied, 528 U.S. 842, 120 S.Ct. 110, 145 L.Ed.2d 93 (1999).

Petitioner also contends that Tenn. Code Ann. § 29-21-105 provides an exception to the filing location requirement if the applicant can show a sufficient reason for not applying to the nearest court or judge. Petitioner argues that, because an exception is permitted under the statute, the filing location requirement is not an across-the-board filing requirement but merely a limitation upon the state court's ability to grant relief. See Petitioner's Response (Docket Entry No. 18) at 4.

This argument lacks merit. The filing location requirement addresses a purely procedural filing condition regarding the application for relief itself and in no way pertains to the merits of the

---

[5] In light of the United States Supreme Court's holdings on this issue, neither Villegas nor Smith, both of which were decided prior to the decisions in Artuz and Pace, offer compelling support for Petitioner's argument.

[6] The Tennessee Court of Criminal Appeals also found that Petitioner failed to provide copies of the attacked judgment as required by Tenn. Code Ann. § 29-21-107(b).

8

underlying claims made in the application. As such, it is readily distinguishable from the state statute at issue in Villegas, supra, which involved whether claims raised in a second or successive state habeas petition were precluded from relief or fell within a statutory exception allowing relief.

Furthermore, in Pace, the United States Supreme Court found that a time limit requirement for the filing of a state petition for collateral relief was still a condition to filing despite the existence of statutory exceptions to the time limit requirement. See Pace, 544 U.S. at 412-13. Accordingly, the inclusion of an exception in the filing location requirement does not render the requirement any less a filing requirement than if the exception were not present. To the extent that Smith v. Ward holds to the contrary, its holding is of no precedential value in light of the subsequent decision in Pace.

### R E C O M M E N D A T I O N

Based on the foregoing reasons, the Court respectfully RECOMMENDS that Respondent's motion to dismiss (Docket Entry No. 15) be GRANTED and this petition be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this Report, or the proposed findings or recommendation to which objection is made. Failure to file objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                                               Respectfully submitted,

                                                                               _____
                                                                               JULIET GRIFFIN
                                                                              United States Magistrate Judge