UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JERMAINE IVORY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:07-0833 |
| ) | Judge Echols |
| ) | |
| **GLENN TURNER, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

### ORDER

This matter is before the Court on a Report and Recommendation ("R & R") (Docket Entry No. 21) in which the Magistrate Judge recommends granting the Respondent's Motion to Dismiss (Docket Entry No. 15) and dismissing Petitioner's request for habeas corpus relief under 28 U.S.C. § 2254. In doing so, the Magistrate Judge concluded Petitioner did not file his federal habeas corpus petition within one year of the date his conviction became final under 28 U.S.C. § 2241(d)(1) and his state application for habeas corpus relief did not trigger the tolling provision under 28 U.S.C. § 2242(d)(2) because it was filed in the wrong court under state law.

The R & R was issued on July 18, 2008 and Petitioner was granted an extension of time to August 29, 2008 within which to file any objections (Docket Entry No. 24). Petitioner did not file any objections by that date. Instead Petitioner filed his

1

"Objection in Opposition to Magistrate Judge Report and Recommendation" (Docket Entry No. 26) on September 9, 2008. As such, the Court could ignore that filing because it is untimely. However, in the interest of justice, the Court will consider Petitioner's objection to the R & R.

Upon review of an R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). <u>See</u>, Fed.R.Civ.P. 72(b). Having made that determination, and after considering Petitioner's Objection to the R & R, the Court finds the Magistrate Judge correctly applied the law to the record in this case by determining that Petitioner's application for habeas relief was filed too late.

Petitioner's objection focuses on his "recent discovery" of T.C.A. § 16-1-116. That statute provides that an "original civil action" which is filed in a state court which lacks jurisdiction may be transferred to the court where it originally should have been filed. Petitioner claims the Davidson County state court judge's failure to follow this "statutory duty" to transfer his case to the Hardeman County Circuit Court constitutes "extraordinary circumstances beyond the petitioner['s] control,"

which entitles him to equitable tolling. (Docket Entry No. 26 at 2-3).

Whether to transfer a case under T.C.A. § 16-1-116 is a matter of discretion. Pack v. Ross, 2008 WL 1072188 at *4 (Tenn. Ct. App. 2008). Thus it cannot be said the Davidson County judge neglected a "statutory duty" in failing to transfer Petitioner's improperly filed state habeas petition to Hardeman County.

More importantly, T.C.A. § 16-1-116 applies only to original civil actions, whereas "[p]ost-conviction proceedings are governed specifically by Tennessee Code Annotated section 40-30-101 et seq., and habeas corpus actions are governed specifically by Tennessee Code Annotated section 29-21-119." Carter v. Bell, 2007 WL 2744998 at *3 (Tenn. Crim. App. 2007). Given the specific statutory provisions relating to post-conviction and habeas proceedings, a court is not allowed to transfer a state habeas or post-conviction relief case to the court where it should have been filed under T.C.A. 16-1-116, id., and therefore Petitioner cannot show "extraordinary circumstances beyond his control" based upon this statute. Thus, his objection will be overruled.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Docket Entry No. 21) is hereby ACCEPTED;

(2) Petitioner's "Objection in Opposition to Magistrate Judge Report and Recommendation" (Docket Entry No. 26) is hereby OVERRULED;

(3) Respondent's Motion to Dismiss (Docket Entry No. 15) is hereby GRANTED;

(4) This case is hereby DISMISSED WITH PREJUDICE; and

(5) Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

Further, because Petitioner cannot demonstrate that reasonable jurists would find the Court's assessment of the timeliness of Petitioner's habeas petition debatable or wrong, a Certificate of Appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4